**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01812-WJM

CHARLENE J. PACHECO,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

**AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR
AWARD OF ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

---

On December 30, 2011, this Court entered an Order vacating the final decision of

the Commissioner of Social Security ("Commissioner") denying Plaintiff Charlene

Pacheco's application for supplemental security income, and remanding the case for the

further proceedings.  (ECF No. 16.)  Final judgment was entered on January 4, 2012.

(ECF No. 17.)

This matter is before the Court on Plaintiff's Motion for Award of Attorney's Fees

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion").  (ECF No.

20.)  Defendant has filed a Response to the Motion (ECF No. 21), and Plaintiff has filed

a Reply (ECF No. 22).  For the reasons set forth below, the Motion is GRANTED.

**I.  LEGAL STANDARD**

The Equal Access to Justice Act ("EAJA") requires that a court "award to a

prevailing party . . . fees and other expenses . . . incurred by that party in any civil action

. . . brought by or against the United States . . . unless the court finds that the position of

the United States was substantially justified . . . ."  28 U.S.C. § 2412(d)(1)(A).  "The

Government bears the burden of showing that its position was substantially justified. . . .

The test for substantial justification in this circuit is one of reasonableness in law and

fact."  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II.  ANALYSIS

The Court remanded this action to the Commissioner for further consideration

because the decision of the Administrative Law Judge ("ALJ") failed to indicate that the

ALJ properly weighed the opinions of Dr. Ziomek and Dr. Vega.  Specifically, the ALJ

gave "significant weight" to the opinion of Dr. Ziomek, but appeared to give no weight or

little weight to the opinion of Dr. Vega, while making no mention of the fact that Dr.

Ziomek did not personally examine Ms. Pacheco, while Dr. Vega personally examined

Ms. Pacheco three different times as part of his three medical evaluations.  Also, the

ALJ's stated basis for discounting Dr. Vega's opinion was that Dr. Vega examined Ms.

Pacheco based on an attorney referral, without any mention of the fact that Dr. Ziomek

was also consulted for purposes of Ms. Pacheco's disability claim.  Further, not only did

Dr. Ziomek not personally examine Ms. Pacheco, but Dr. Ziomek's review of Ms.

Pacheco's medical records did not include all of her relevant medical records.  In

addition, the records Dr. Ziomek did review were of treatment provided by Licensed

Professional Counselor Cheryl Lizer, who wrote a letter in support of Ms. Pacheco's

disability claim.  And finally, Dr. Ziomek's evaluation came very early in the period of alleged disability, and thus had little to no bearing on the question of whether Ms. Pacheco was disabled for the last two years within the period of alleged disability.

In opposing the request for attorney's fees, the Commissioner has essentially repeated the same arguments made in the Commissioner's Response Brief on the merits.  While the Court understands that in some cases the Commissioner's position could be substantially justified despite ultimately losing on the merits, that is not so in this particular case.  Given the combination of all of the bases for the Court's decision on the merits, reiterated above, Plaintiff is entitled to an award of attorney's fees under EAJA.

Plaintiff's Motion requests attorney's fees in the amount of $6,212.50 for 35.5 hours of work at $175.00 per hour.  (ECF No. 20.)  The Commissioner takes no issue with the rate of $175.00 per hour, but argues that the amount of time allegedly expended by Plaintiff's counsel is unreasonable in light of the complexity of the case and the experience level of Plaintiff's counsel.  (ECF No. 21, at 9-11.)  The Commissioner contends that Plaintiff's counsel should have been able to complete all work in this case in no more than 30 hours of attorney time.  (*Id.* at 10-11.)  In Plaintiff's Reply, Plaintiff agrees to reduce the amount of requested time to 30 hours.  (ECF No. 22, at 10.)  However, Plaintiff also requests that she be allowed to recover attorney's fees based on the time spent in preparing the Reply Brief to the Government's Response to Plaintiff's Motion for fees.

The Court awards Plaintiff the attorney's fees incurred based on 30 hours of attorney work, as agreed to by the parties.  The Court also determines that it is appropriate to award the amount of fees allegedly incurred in drafting Plaintiff's Reply Brief on the attorney's fees issue.  *See Commissioner v. Jean*, 496 U.S. 154 (1990) (holding that fees awarded under EAJA may include the fees incurred in litigating the fee dispute itself); *Brodeur v. Astrue*, No. 09-cv-00045, 2010 WL 4038611 (D. Colo. Oct. 14, 2010) (awarding Plaintiff's entire fee request, including fees based on time spent in connection with Plaintiff's Reply to Defendant's Objection to Motion for EAJA Fees). Thus, as requested by Plaintiff, the total fee award will be $6,211.62.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 20) is GRANTED; and

2.     Defendant shall promptly pay to Plaintiff $6,211.62 after the award has become final.

Dated this 20th day of November, 2012.

BY THE COURT:

_____

William J. Martinez
United States District Judge